THE SIMONDS MANUFACTURING COMPANY v. NELSON K. RIDDLE.

*Written contract—Parol evidence.*

Where a written proposal covered the whole ground of the subsequent dealings between the parties, parol evidence of the arrangement is inadmissible.

Error to Wayne. (Brevoort, J.) Argued January 18, 1889. Decided January 25, 1889.

Replevin. Defendant brings error. Reversed. The facts are stated in the opinion.

*Albert J. Chapman,* for appellant.

*Marston, Cowles & Jerome,* for plaintiff.

CAMPBELL, J. Plaintiff replevied several furnaces which defendant held as assignee of the firm of Osmun & Dawson, of Detroit, subject to chattel mortgages from that firm. On June 13, 1887, plaintiff made this proposal to defendants:

"OSMUN & DAWSON,

"*Gentlemen:* I agree to ship you three sample furnaces to be placed on the floor of your store to exhibit as samples. These three furnaces to be on consignment, and, if bought, to be paid at 50 off printed list. All other furnaces to be paid for when sold, or within four months from that time. Price, 50 off list; 5 additional, if paid within 30 days of shipment. This agreement can be canceled, when desired, by either party. We agree to give you the exclusive sale of our furnaces in Detroit.

"THE SIMONDS MFG. CO.,

"*June* 13, 1887.                              Chas. Smith."

It was accepted a day or two after in writing, as it had

been already verbally, and under it sample furnaces were sent, and several others were also sent on, and, as plaintiff claims, were not paid for. Some were sold by Osmun & Dawson, and all their stock was mortgaged, and subsequently assigned to pay their creditors before the replevin.

The chief controversy on the trial was whether plaintiff had sold the property or still owned it. Defendant claimed that the furnaces had been bought by Osmun & Dawson under the written agreement, and introduced also testimony of an alleged recognition by plaintiff's general agent who made the arrangement of the standing of plaintiff as that of a general creditor.

There appeared in evidence several bills rendered on consignment, stating prices, and also balances as due on the terms mentioned in them. These bills, it is admitted, were not conclusive evidence of sales, and, if the goods had in fact been consigned on agency, would not have been irregular.

Upon the trial, without any adequate reason, plaintiff's agent, Mr. Smith, was allowed to give verbal testimony as to the terms on which business was to be done, which differed materially from the written document before recited. In charging the jury the court undertook to rehearse this testimony, and it went to the jury with the rest in such a way that they probably considered it. The court also allowed the jury to consider as in evidence a letter from Mr. Chapman on behalf of the assignee, written before this suit was brought, and inquiring about the title to some furnaces which it was supposed might be samples. This letter was not introduced by plaintiff's counsel, who declined to put it in, and there was no evidence which would have made it admissible against defendant at all. It was an important element as bearing on one of the most significant facts in dispute,

and could not have been immaterial. It was error to refer to it. It was also error to receive or comment on the parol evidence of the arrangement. The written proposals covered the whole ground of dealings.

There was some conflict of testimony whether or no plaintiff's agent had personal knowledge that defendant's assignors, Osmun & Dawson, had sold the sample furnaces, so called, and so made them their own, as they had a right to do. These were by the agreement in the first instance consignments, and not sales, unless the consignees bought them. But the rest of the furnaces were by the agreement to be regarded as sold, and to be paid for at once, or within four months, with an addition to the regular discount if paid for within 30 days. The firm of Osmun & Dawson testify that they acted on that understanding, which is the natural one derivable from the difference of language as applied to the samples as consignments. Mr. Smith concurs with other witnesses in admitting he spoke as willing to have plaintiff come in as a general creditor, although he gives a reason that rested in his own mind, and was not expressed, that might have induced him to make that concession merely from good feeling. The jury found for plaintiff for all the furnaces taken, and there is some reason to think from Smith's testimony that one was misdescribed, and not declared for. The record is somewhat confused and obscure in places, but it is evident the matter was not so presented to the jury as to guide them to avoid errors, and reach a legal result.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.